UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20006-KING

UNITED STATES OF AMERICA,

vs.

TYRONE ERIC ARMSTRONG,
a/k/a "Nut,"

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Tyrone Eric Armstrong a/k/a "Nut." Based upon the change of plea hearing conducted on March 1, 2022, this Court makes the following findings, and recommends that the guilty plea be accepted.

1.    The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Court Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.    The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to the Superseding Information filed in this case, which charges him with two counts of possession with intent to distribute a controlled substance, that is, a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and one count of possession with intent to distribute a controlled substance, that is, a detectable amount of cocaine and 100 grams or more of a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1). I advised Defendant that the maximum penalty the Court could impose as to Counts 1 and 2 is a term of up to thirty (30) years' imprisonment, followed by a term of supervised release of at least six (6) years, and as to Count 3 is a minimum term of at least five (5) years' imprisonment and a maximum term of up to forty (40) years' imprisonment, followed by a term of supervised release of at least four (4) years and a maximum of life. In addition to any term of imprisonment, the Court may impose a fine of up to $1,000,000 as to Counts 1 and 2 and up to $5,000,000 as to Count 3, and the Court will assess a mandatory special assessment of $100.00 per Count for a total of $300.00, which is due at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

5. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Superseding Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged in Counts 1, 2, and 3 of the Superseding Information.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing has been set by separate order.

As I advised the Parties in open court, the parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Respectfully submitted in Chambers at Miami, Florida, this 1st day of March, 2022.

_____
MELISSA DAMIAN
**UNITED STATES MAGISTRATE JUDGE**

cc:   The Honorable James Lawrence King
      Counsel of record